IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
09/05/2008

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| SUSAN C. WELLS, | ) | CASE NO. 08-80206-G3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has considered the "Motion of Best Insurance Services, Inc. for Relief from the Automatic Stay to Allow State Court Lawsuit to Proceed" (Docket No. 45).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the motion in part.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Susan C. Wells ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on May 5, 2008.

In the instant motion, Best Insurance Services, Inc. ("BISI") seeks relief from stay, in order to liquidate its claim in state court.  BISI filed suit against Debtor, in the 23rd Judicial District Court of Matagorda County, Texas on February 27, 2008.  In its state court petition, BISI asserts that Debtor

committed fraud in the inducement, common law fraud, breach of contract, negligence, and negligent misrepresentation.  (BISI Exhibit 1).  On on about March 27, 2008, Debtor filed an answer and counterclaim in the state court suit.  (BISI Exhibit 2).

Separately, BISI has filed an adversary proceeding (Adv. No. 08-3255), in which it seeks to except Debtor's debt to BISI from discharge.

Debtor argues that the stay should remain in place, in order to promote judicial economy, and to avoid the cost of litigation in state court.  Debtor presented no evidence.

<u>Conclusions of Law</u>

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if
> >
> > > (A) the debtor does not have an equity in such property;  and
> > >
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

2

The party requesting relief from the stay has the burden of proof on the issue of the debtor's equity in property. The party opposing relief has the burden of proof as to all other issues.  11 U.S.C. § 362(g).

What constitutes "cause" for the lifting of the stay pursuant to Section 362(d)(1) is not defined in the Bankruptcy Code.  Whether cause exists must be determined on a case by case basis based on an examination of the totality of circumstances. In re Trident Assoc. L.P., 52 F.3d 127 (6th Cir. 1995); Claughton v. Mixson, 33 F.3d 4 (4th Cir. 1994); In re Tucson Estates, Inc., 912 F.2d 1162 (9th Cir. 1990).

In determining whether to lift the automatic stay to allow litigation against a debtor to proceed outside this court, the court should consider whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor, and whether the creditor has a probability of prevailing on the merits of the case.  In re Namazi,  106 B.R. 93 (Bankr. E.D. Va. 1989).

In the instant case, there is no showing of prejudice to Debtor or the bankruptcy estate from allowing BISI to liquidate its claim in state court.  The issues addressed in BISI's state court petition include issues of state law and matters other than those necessary to a determination of whether

3

BISI's debt is excepted from discharge pursuant to Section 523 of the Bankruptcy Code.  The court concludes that the stay should be lifted, to permit BISI to liquidate its claim against Debtor, if any, in state court.  BISI should not be permitted to execute on any judgment it may obtain, without further relief from this court.

Based on the foregoing, a separate Judgment will be entered granting the "Motion of Best Insurance Services, Inc. for Relief from the Automatic Stay to Allow State Court Lawsuit to Proceed" (Docket No. 45) in part.

Signed at Houston, Texas on September 5, 2008.


LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

4